IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES of AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cr-30196-MJR-3 |
| | ) |
| JOSEPH LEE SMITH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

This matter is now before the court on the Government's *Ex Parte* Motion to Revoke Defendant's Bond, **Doc. 111**.

Defendant Joseph Lee Smith pleaded guilty and was continued on bond on September 15, 2015. See, Doc. 83. One of the conditions of his release is that he is not to commit any offense in violation of federal, state or local law. See, Doc. 29, p. 1.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;   or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that–
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other

1

person or the community;   or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.   **18 U.S.C. § 3148(b).**

Defendant had a one-car accident on October 18, 2015.  His car ran off the road and crashed into a utility pole, causing downed power lines.  Defendant left the scene of the accident.  The next day, he was cited for Leaving the Scene of an Accident and for Failure to Reduce Speed.  Defendant then left a message for his probation officer in which he admitted that he had intentionally crashed his car in an attempt to kill himself.  This was the second one-car accident defendant had been involved in while on bond.

The Court held a hearing on October 28, 2015.  Through counsel, defendant stated that he did not contest the government's motion.

The Court finds that there is probable cause to believe that defendant committed the offense of leaving the scene of an accident.  The Court further finds that defendant poses a danger to the safety of the community.

2

**IT IS THEREFORE ORDERED** that the Government's *Ex Parte* Motion to Revoke Defendant's Bond, **Doc. 111,** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Joseph Lee Smith, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with his counsel; and, that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**IT IS SO ORDERED.**

DATED:   October 28, 2015.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
